UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PATRICIA A. NEWLAND,
                      Plaintiff,

                                      05-CV-6388

                    V.               **DECISION**
                                       **and ORDER**
JO ANNE B. BARNHART,
Commissioner of Social Security,

                      Defendant.

_____

## INTRODUCTION

Plaintiff Patricia Newland ("Newland" or "Plaintiff"), brings this action pursuant to Title II of the Social Security Act, claiming that the Commissioner of Social Security ("Commissioner" or "Defendant") improperly denied her application for disability benefits. Specifically, Newland alleges that the decision of the Administrative Law Judge ("ALJ") who heard her case was erroneous because he selectively applied the findings of the plaintiff's physicians to support his conclusion that Newland was not disabled. Additionally, Newland alleges that the ALJ failed to properly consider the combination of her impairments.

The Commissioner moves for judgment on the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure, and the plaintiff seeks judgment on the pleadings or in the alternative, an order remanding this case for further

administrative proceedings. The Commissioner claims that the ALJ's decision was supported by substantial evidence and was based upon the application of the correct legal standards, whereas the plaintiff claims the opposite. Because this court finds that the Commissioner's decision was not supported by substantial evidence, judgment on the pleadings is hereby granted for the plaintiff.

## BACKGROUND

Plaintiff Patricia Newland applied to the Social Security Administration for disability insurance benefits ("DIB") on October 8, 2003, claiming that she became disabled on August 20, 2003 because of "Elbow injury/nerve damage; numbness; deg arthritis/depress[io]n" (Tr. 109). At the time of her application she was 50 years-old with a high school education, and had work experience as a furniture factory laborer and inspector, cashier and clerk. (Tr. 44, 110-11, 114, 346-47).

The Social Security Administration denied Newland's disability application initially and on reconsideration. (Tr. 32, 13-24). She then requested an administrative hearing, which was held before ALJ James Bukes on November 15, 2004. (Tr. 13). On February 25, 2005, the ALJ concluded that Newland was not disabled and thus ineligible to receive disability benefits. The ALJ concluded that although Newland was unable to perform her past work, she was able to perform other work which existed in significant numbers in the national economy. On June 9, 2005, the Social Security Appeals

Council denied review of the ALJ's decision (Tr. 13-24, 5-8). Thereafter, plaintiff filed this action(Tr. 5-8).

## DISCUSSION

### I.   JURISDICTION AND SCOPE OF REVIEW

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. Mathews v. Eldridge, 424 U.S. 319, 320 (1976).  Additionally, Section 405(g) directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 117, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., No. 06-2019-cv, 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence in the record as a whole, and whether the Commissioner's conclusions are based upon an erroneous legal standard. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and

that the Secretary's findings are conclusive if supported by the substantial evidence).

Defendant asserts that her decision is both supported by substantial evidence in the record and based upon the application of the correct legal standards, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988).

In cases where the record contains persuasive proof of disability, and remand for further evidentiary proceedings would serve no further purpose, a District Court should order payment of Social Security disability benefits. <u>See</u> <u>Carroll v. Secretary of Heath and Human Serv.</u>, 705 F.2d 638, 644 (2d Cir. 1981). The goal of this policy is "to shorten the often painfully slow process by which disability determinations are made." <u>Id.</u> Because this court finds that (1) the ALJ's decision was not supported by substantial evidence and (2) the record contains substantial evidence of disability such that further evidentiary proceedings would serve no further purpose, judgment on the pleadings is hereby granted for the plaintiff.

## II. <u>STANDARD FOR ENTITLEMENT TO SOCIAL SECURITY BENEFITS</u>

Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ..." 42 U.S.C. §§ 423(d)(1)(A) (concerning Old-Age, Survivors', and Disability Insurance ("OASDI")); 42 U.S.C. § 1382c(a)(3)(A) (2004) (concerning SSI payments). An individual will only be considered "under a disability" if her impairment is so severe that she is both unable to do her previous work *and* unable to engage in any other kind of substantial gainful work that exists in the national economy. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

"Substantial gainful work" is defined as "work that exists in significant numbers either in the region where the individual lives or in several regions of the country." <u>Id.</u> Work may be considered "substantial" even if it is done on a part-time basis, if less money is earned, or if work responsibilities are lessened from previous employment. 20 C.F.R. § 404.1572(a) (OASDI); 20 C.F.R. § 416.972(a) (SSI). Work may be considered "gainful" if it is the kind of work usually done for pay or profit, whether or not a profit is realized. §§ 404.1572(b) and 416.972(b). Furthermore, "substantial gainful work" is considered available to an individual regardless of whether such work exists in his immediate area,

whether a specific job vacancy exists for him, or whether he would be hired if he were to apply for work. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

When a claimant requests a Social Security disability hearing before an Administrative Law Judge, SSA regulations require the ALJ to perform a five-step sequential evaluation. Pursuant to this analysis:

   (i)   if the claimant is performing substantial gainful work, she is not disabled;

   (ii)  if the claimant is not performing substantial gainful work, her impairment(s) must be "severe" before she can be found to be disabled;

   (iii) if the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry

   (iv)  if the claimant's impairment (or impairments) does not prevent her from doing her past relevant work, she is not disabled;

   (v)   even if the claimant's impairment or impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(I)-(v) and 416.920(a)(4)(I)-(v). The ALJ in this case performed the required five-step evaluation and determined that: (1) although the plaintiff may have engaged in substantial gainful employment after the onset of her disability,

the evaluation process was permitted to continue so as to not delay the issuance of a decision; (2) the plaintiff's depression, shoulder pain post elbow fracture, obesity, and cervical spondylosis were considered "severe" under §§ 404.1520(c) and 416.920(c); (3) the plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the plaintiff was not able to perform her past relevant work as an inspector, general clerk and cashier and; (5) the plaintiff had the residual functional capacity to perform a narrow range of light unskilled to semi-skilled work such as a routing clerk or checker (Tr. 22).

This court holds the ALJ's finding adverse to the plaintiff in step 5 of the evaluation process [that the plaintiff had the residual functional capacity to perform a narrow range of light unskilled to semi-skilled work] is not supported by substantial evidence in the record as a whole. The ALJ selectively applied the medical conclusions reached by the plaintiff's physicians, and also failed to consider the plaintiff's combination of medical conditions.

**III. The Commissioner's decision to deny Plaintiff benefits was erroneous and not based on substantial evidence in <u>the record</u>.**

<u>     </u>A. The ALJ improperly disregarded the findings of the claimant's treating and examining mental health physician's to support his conclusion that the claimant <u>was not disabled.</u>

I find that the ALJ did not consider the entirety of plaintiff's medical record, but instead relied only on those portions of the record that supported his conclusion that the claimant was not fully credible and was capable of doing some limited work available in the national economy.

When assessing the claimant's mental impairments to determine her residual functional capacity ("RFC") the ALJ disregarded a report from the plaintiff's treating psychiatrist, Dr. Neerukonda, which stated that Newland was unable to perform any type of work due to her mental condition. The report noted the claimant's "numerous limitations in social functioning and concentration due to depression and anxiety secondary to pain from the claimant's physical condition,"(Tr. 18). Dr. Neerukonda was treating Newland with Prozac, Lithium and psychotherapy.

The ALJ, however, disregarded Dr. Neerukonda's report, because felt Dr. Neerukonda's opinion was "unsupported by clinical and laboratory diagnostic techniques." (Tr. 19). As a result, he found that Dr. Neerukonda's opinion was not entitled to controlling weight. (Tr. 19). Instead, he chose to rely upon portions of consultative psychologist Dr. Thomassen's Mental Functional Assessment, while disregarding other aspects of that Assessment. Specifically, the ALJ accepted that portion of Dr. Thomassen's opinion which stated that Newland would likely have problems relating with co-workers and coping with stress in his RFC assessment, but discounted the balance

of that opinion which stated that Newland "suffers from major depression, recurrent, severe with psychiatric features" and that "her prognosis for the future is guarded, given the severity of her symptoms despite ongoing treatment." (Tr. 218). The ALJ justified his decision to use the consultative physician's opinion over the treating physician's opinion by stating that Dr. Thomassen's assessment was "more consistent with the entire record" (Tr. 19).

I find, however, that the ALJ improperly discounted the opinion of Dr. Neerukonda. When Dr. Neerukonda's opinion is considered in the light of the totality of Dr. Thomassen's opinion, as well as the medical record as a whole, it is clear that Dr. Neerukonda's opinion is supported by objective medical evidence. Accordingly, I find that the ALJ was required to give controlling weight to the opinion of Dr. Neerukonda, who determined that plaintiff suffered from marked impairments in social functioning and concentration due to depression and anxiety.

> B. The ALJ selectively applied the findings of the claimant's physicians to support his conclusion that the claimant was <u>not disabled.</u>

The ALJ improperly applied selected portions of medical findings of plaintiff's treating physicians, Drs. Wittig, Supinski, and Sirotenko to support his conclusion that plaintiff retained the residual functional capacity to do some work. In making his RFC assessment, the ALJ adopted Dr. Wittig's 2003 finding that plaintiff would "need to change positions frequently and avoid standing for

long periods of time" yet disregarded his later findings from 2004, which stated that the plaintiff was more restricted and could "lift no more than 10 pounds occasionally, while standing and walking, combined for less than 2 hours a day, and sitting for less than six hours a day, and while also being unable to perform any postural activities" (Tr. 20).

The ALJ disregarded Dr. Wittig's 2004 assessment because it contradicted his earlier report made in 2003. The ALJ disregarded the portions of Dr. Wittig's opinion that failed to support his conclusion that the plaintiff was not disabled, but focused on the portions of the same opinion which noted that the plaintiff had a "rather low pain tolerance," concluding that plaintiff's condition was caused, at least in part, by "willful disuse" of her left arm (Tr. 21).

The ALJ completely disregarded Dr. Supinski's opinion that the claimant could no longer work on the assumption that "the claimant's pain was not severe enough [for claimant] to insist upon surgery or other drastic treatment in light of the claimant's statements that she could afford nothing further"(Tr. 21). The ALJ essentially concluded that plaintiff was not disabled because she refused surgery (even though she could not afford it) and moreover, because Dr. Supinski did not insist upon surgery.

Dr. Sirotenko's findings regarding the plaintiff's physical limitations were also selectively applied by the ALJ in determining

the plaintiff's RFC.  The ALJ adopted that portion of Dr. Sirotenko's findings that the plaintiff should be allowed frequent opportunity to alternate between sitting, standing and walking, and avoid lifting objects over her head because "they are more consistent with the record overall then [sic] are the physical functional assessments completely by Dr. Supinski and Wittig" (Tr. 21).  Once again, the ALJ applied only those portions of the doctor's medical assessment sufficient to support his conclusion that the plaintiff is not disabled.

In addition, the ALJ disregarded the portion of Dr. Sirotenko's opinion which stated that the plaintiff should avoid repetitive kneeling, squatting, and bending, and should avoid stairs, inclines and ladders due to underlying osteoarthritis of the plaintiff's hips (Tr. 21).  In doing so, the ALJ explained that Dr. Sirotenko's opinion was "not supported by any scientific or laboratory data" and that the plaintiff had "no medically determinable impairment concerning her lower extremities" (Tr. 21).

Throughout the ALJ's evaluation of the plaintiff's RFC, he consistently accepted only those portions of her physician's opinions that supported his conclusion that the plaintiff is not disabled, and that the plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible.  He favored evidence suggesting that the plaintiff's condition had been caused, at least in part by her own "willful disuse" of her left arm, and

disregarded all other evidence suggesting that the plaintiff is disabled. Accordingly, I find that the ALJ improperly applied the findings of the plaintiff's physicians with respect to her physical impairments. I further find that the plaintiff's claim of disability is supported by the substantial evidence contained in the record.

Particularly troubling to the Court is the ALJ's decision to disregard Dr. Supinski's assessment that plaintiff was unable to work as of February 2, 2004. The ALJ discounted Dr. Supinski's opinion because Dr. Supinski "agreed to see the claimant for a follow-up only when her symptoms 'became severe enough for her to want surgery.'" (Tr. 20 (quoting from Exh. 14F, page 3)). The ALJ concluded that Dr. Supinski felt that "claimant's pain was not severe enough to insist upon surgery or other drastic treatment in light of the claimant's statements that she could afford nothing further. As such, I disregard Dr. Supinski's assessment that the claimant is totally unable to work." (Tr. 21).

The fact, however, that the claimant may have been unable to afford continued medical treatment (an operation and physical therapy), is not relevant to the veracity or credibility of Dr. Supinski's medical opinion that she was disabled, nor to the ALJ's determination that the plaintiff retained the capacity to do some work. As the plaintiff correctly points out in her brief, "Where . . . the claimant 'is unable to afford prescribed treatment which he or she is willing to accept, but for which free community

resources are unavailable,' the Commissioner instructs that her failure to follow prescribed treatment will be generally accepted as 'justifiable' and, therefore, such failure would not preclude a finding of disability." (SSR 82-59). In this case, however, the ALJ penalized the plaintiff for not being unable to afford further medical treatment by discounting Dr. Supinski's assessment that the claimant was totally unable to work. I find that the ALJ erred by concluding that the plaintiff could not have been disabled because of her decision to forego surgery that she could not afford.

>   C. The Commissioner improperly failed to consider the <u>plaintiff's combination of medical conditions.</u>

In establishing the plaintiff's RFC, the ALJ gave no consideration to the effects of her obesity, which is expressly referenced by Drs. Sirotenko and Wittig, despite being expressly instructed by the Commissioner to do so. The Commissioner instructed the ALJ to take the plaintiff's obesity into account in assessing her RFC, noting that "obesity may have an adverse impact upon co-existing impairments" (Tr. 15). In addition, the ALJ stated that plaintiff "has no medically determinable impairment concerning her lower extremities, or at least no impairment which would cause more than minimal functional limitations," despite contrary medical opinions of Drs. Sirotenko and Wittig (Tr. 21). This court finds that the ALJ failed to properly consider all of plaintiff's medical conditions in combination in determining that plaintiff retained the capacity to

work.  Specifically, the ALJ failed to properly consider the effect of plaintiff's obesity along with her other impairments.

    IV.    <u>Plaintiff is Disabled.</u>

For the reasons discussed above, I find that the record provides persuasive proof that the plaintiff is disabled, and as a result, I remand this case to the Commissioner solely for calculation of benefits.  <u>Donahue v. Shalala</u>, 851 F.Supp. 27, 34 (D. Conn. 1994).

**CONCLUSION**

This court finds that the Commissioner's decision denying the plaintiff's disability application was not supported by substantial evidence.  The record contains substantial evidence of disability such that further evidentiary proceedings would serve no further purpose.  I therefore grant judgment on the pleadings in favor of the plaintiff and remand this matter to the Social Security Administration solely for calculation of benefits.

    ALL OF THE ABOVE IS SO ORDERED.


                          <u>s/Michael A. Telesca</u>

                            MICHAEL A. TELESCA
                        United States District Judge


Dated:    Rochester, New York
           June 11, 2008